ANDFRSON, J,
delivered the opinion of the court.
The court is of opinion that the judgment of a court of competent jurisdiction, dismissing a suit agreed, upon the ground that it had been agreed by the parties, is a final determination, as to those parties, of the matters litigated in that suit. It is virtually an acknowledgment by the plaintiff in open court, as in retraxit, that the plaintiff has no cause of action, or rather, no further cause of action. It is not merely an abandonment of his suit by the plaintiff, as in a non-suit; it is the concurrent action of both parties. It is a representation by the plaintiff to the court, that the suit has been agreed, which is assented to by the defendant ; and thereupon the suit is dismissed agreed by the judgment of the court, without costs to either party. To say that a suit is agreed by the parties is, in effect, to say that the cause of the suit has been agreed. It is a declaration of record sanctioned by the judgment of the court, that the cause of action has been adjusted by *426 the parties themselves, in their own way, ■and that the suit is dismissed agreed.
An agreement to compound civil rights, or forego or settle an action that has been commenced, is valid, and may be enforced. Addison on Contracts, p. 96, | 2. A compromise itself, or the loss by the defendant of the costs he has expended in his defense, is a ^sufficient consideration of an agreement to dismiss. The plaintiff may be satisfied that he has not, or may be doubtful whether he has good cause of action against the defendant, and offers to-dismiss his suit and pay his costs, if defendant will pay his, and end the controversy, and the suit is dismissed agreed. It should be an end of the controversy, and may be pleaded in bar of a subsequent suit for the same cause of action. The prevention of litigation is a valid and sufficient consideration; for the law favors the settlement of disputes. On the ground that mutual promises are a consideration each for the other, compromises are sustained. So, giving up a suit or any equivalent proceedings instituted to try a question, of which the legal result is doubtful, is a good consideration for a promise to pay a sum of money for the abandonment thereof. 1 Pars, on Contracts, ch. 1, § 4, p. 363-’4. It is obvious from the authorities cited that no injustice can be done the plaintiff below b3r this decision, because, if by the terms of that agreement, anything was to be paid by the defendant to the plaintiff, action would lie upon it.
The defendant has incurred costs in the preparation of his defense; and to end the dispute, and be relieved from further litigation, he consents to lose the costs he has incurred in the preparation of his defense. He would hardly do so if he was liable to be sued again the next day for the same cause, and be subjected to the annoyance and expense a second time for his defense in the same matter of controversy. It seems, therefore, to the court that such a dismission of the suit should be regarded as ending the controversy. So is it held in Kentucky. Bank of Commonwealth v. Hopkins, 2 Dana R. 395. And, as far as our experience and observation goes, it accords with the practice *in Virginia. This is the only instance that we have known in the Virginia courts of a second suit between the same parties for the same cause of action, where the first suit had been dismissed ! ‘agreed. ’’ .Whence we thinlt it may be fairly inferred, that the opinion and practice of the profession has been in accordance with the opinion we have indicated. There is but one instance within our knowledge of a departure from this practice, and that was a suit in the Circuit court of the United States, and is the case of Hoffman v. Porter, 2 Brok. R. 156, cited by the appellee’s counsel. In that case Chief Justice Marshall was of opinion that the dismission of a suit agreed was not a retraxit, and could not be pleaoed in bar of a subsequent suit between the same parties, for the same cause of action. He believed that in the common practice it was not considered more than a dismission of his suit by the plaintiff. In 2 Tuck. Com., p. 251, it is said: “A retraxit differs from a non-suit in that the one (the latter) is negative, and the other (the former) is positive. The non-suit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again, upon payment of costs; but a retraxit is an open and voluntary renunciation of his suit in court, and by this he forever loses his action.” Citing 4 Munf. 207.
The dismission in this case was not in consequence of “the mere default and neglect of the plaintiff,” but it was by the agreement of the parties. It is not, therefore, a non-suit. Neither is it a discontinuance. The same commentator says: “A discontinuance is somewhat similar to a non-suit;, for when the plaintiff leaves a chasm in the proceedings of his cause, as by not continuing the process regularly from day to day, and time to time, as he ought to do, the suit is discontinued, *and the defendant is no longer bound to attend; but the plaintiff must begin again by suing out a new original, usually paying costs to his antagonist.” This being neither a non-suit nor a discontinuance, what is it? It is “an open voluntary renunciation of his suit in court. ’ ’ It having been done upon the consideration that the suit had been agreed between him and the defendant does not make it less a re-traxit, but furnishes rather an additional reason for the consequence of a retraxit, to wit: that the plaintiff by it forever loses his action.
This is a question of practice, and whilst this court has the profoundest respect for the opinions of the chief justice, the case referred to is not binding authority; and we are constrained to differ from his impression as to what has been the common practice at least in Virginia; and we do not deem it well to change the practice as we have understood it to be. The prevention of litigation is not only a sufficient but a highly favored consideration.
The court is therefore of opinion, for the reasons given, that the Circuit court erred in overruling the plea of the defendant, in which he relies on this defense, and that the judgment must be reversed for this cause.
The judgment is as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the dismission of a suit agreed, without any explanation or qualification showing a contrary intention, is at least a prima facie determination of the matters controverted in that suit, and may be pleaded in bar of a subsequent suit for the same cause.' of action between the same parties; *and that the court below erred in rejecting the defendant’s plea setting out such defense, which though it does not describe with accurate precision the character of the suit, which by the judgment of the court had been dismissed agreed, ought *427 not to have been rejected on that account, it substantially setting out the matter of the defence. Therefore it is considered that the judgment of the Circuit court of Augusta county be reversed and annulled, and that the defendant in error pay to the plaintiff in error his costs in the prosecution of his writ of error here, and the cause is remanded with instructions, that if the defendant again offers his plea, corrected in the particular herein referred to, that it be received. Which is ordered to be certified to the said Circuit court of Augusta county.
Judgment reversed.